# SUPREME COURT OF TEXAS.

## GALVESTON TERM, 1851.

---

### LINNEY v. THE STATE.

Putting a new brand on a cow already branded without the consent of owner is an "altering" of the brand within the meaning of the statute, although the new brand do not interfere with the figure of the old brand.

Appeal from Polk. The appellant was indicted for altering the brand of a cow belonging to Mary Boston. He was found guilty, and fined fifty dollars.

The only question presented was whether the evidence proved the offense charged in the indictment.

The evidence was that the defendant without authority put his brand, L. upon the side of a cow belonging to Mary Boston, branded with the letters S. B. upon the rump.

*G. Preacher* and *J. Davis*, for appellant. .

I. The proof as shown in the statement of facts does not sustain the charge in the indictment. Any stock raiser or butcher would call the act proved against the appellant a *counter-branding* [2] or *rebranding*. If this be true the statute has not provided any punishment for the act proved against the appellant.

II. If the brand was put on the cow by the appellant as charged in the indictment, and altered or changed the right of property, it would be theft or larceny; and for this crime the indictment should have been framed.

III. The word "alter" in the statute, followed by the words "or deface," clearly shows that altering a brand means the alteration of one letter or character to that of another, which the proof in this case does not establish. The brand of the owner remained unaltered, and not defaced, as appears in proof. To allow the proof to establish the charge in the indictment would be a viola- of the universal maxim "*Allegata et probata*."

*Attorney General*, for appellee.

LIPSCOMB, J. The counsel for the appellant contends that the brand being so put on did not alter the previous brand, as it neither changed nor defaced the same.

This position is not sound. The words "altering or defacing" are not synonymous terms. Defacing would be the obliterating; altering would be changing from what it was before into a different brand. The first brand was a particular designation of ownership by which the cattle so branded could be known. If another letter is branded on the same beast it no longer is a designation of ownership, although the first letters have not been changed. The cow was designated as the property of Mrs. Boston from the brand S. B.; but when another letter had been put on by branding with L., it was no longer the same brand. It was altered from S. B. on the rump to S. B. on the rump and L. on the side. We believe, then, that putting an additional brand to the one already on is an alteration of the brand, although the last may not interfere with or change the figure of the first, and that the judgment of the court below must be affirmed.

Judgment affirmed.